Scott Edward Cole, Esq. (S.B. # 160744)
Molly A. DeSario, Esq. (S.B. #230763)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:   scole@scalaw.com
Email:   mdesario@scalaw.com
Web:     www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| THOMAS LUSBY, individually and on behalf of all others similarly situated, | Case No. CV12-03783 |
| | CLASS ACTION |
| Plaintiffs, | COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION |
| vs. | [JURY TRIAL DEMANDED] |
| GAMESTOP INC., and GAMESTOP Corporation, | |
| Defendants. | |

Representative Plaintiff alleges as follows:

### PRELIMINARY STATEMENT

1. This is a class action seeking unpaid wages, compensation for missed meal and rest periods, unreimbursed business expenses, interest thereon, related penalties, injunctive and other equitable relief, reasonable attorneys' fees, and costs under, *inter alia*, California Labor Code §§ 200-204, inclusive, 226, 226.7, 406, 510, 512, 1174, 1194, 1197, 1198, 2802, and/or 2699, California Business and Professions Code §§ 17200, *et seq.*, and California Code of Civil

1  Procedure § 1021.5. Plaintiff Thomas Lusby ("Plaintiff" or "Representative Plaintiff") brings
2  this action on behalf of himself and all other persons similarly situated ("Class Members" and/or
3  the "Plaintiff Class") who have been employed by defendants GameStop, Inc. and/or GameStop
4  Corp. (collectively "Defendant" and/or "GameStop") as overtime-eligible retail employees
5  within the State of California at any time from June 21, 2010 through June 30, 2012.

6      2.    The "Class Period" is designated as the time from June 21, 2010 through June
7  30, 2012 and is based upon the allegation that Defendant's violations of California's wage and
8  hour laws, as described more fully below, have been ongoing during that time.

9      3.    During the Class Period, Defendant has had a consistent policy of, *inter alia*, (1)
10 requiring its overtime-eligible retail employees, including Plaintiff and Class Members, to
11 remain at work, under the control of GameStop, after completion of these workers' ordinary
12 duties, without paying these employees' wages (including overtime wages) for all compensable
13 time, (2) requiring its overtime-eligible retail employees, including Plaintiff and Class Members,
14 to submit to mandatory security checks of their persons and/or belongings without paying them
15 compensation (including overtime and/or other compensation for working through meal and/or
16 rest periods), (3) willfully failing to pay compensation owing in a prompt and timely manner to
17 Plaintiff and/or Class Members whose employment with GameStop has terminated, (4) willfully
18 failing to provide Plaintiff and Class Members with accurate semimonthly itemized statements of
19 the total number of hours each of them worked, the applicable deductions, and the applicable
20 hourly rates in effect during the pay period, (5) willfully failing to provide meal periods and/or
21 rest periods to Plaintiff and/or Class Members, and (6) failing to reimburse Plaintiff and/or Class
22 Members for business expenses.

### INTRODUCTION

25     4.    Plaintiff is informed and believes and, based thereon, alleges that, within the
26 Class Period, GameStop operated numerous retail establishments throughout California. In doing
27 so, GameStop has employed hundreds, if not thousands, of individuals in overtime-eligible retail
28 ///

positions, which are entitled to full and uninterrupted meal and rest periods, as well as other benefits of employment as set forth herein.

5. Despite actual knowledge of these facts and legal mandates, GameStop has and continues to enjoy an advantage over its competition and a resultant disadvantage to its workers by failing to offer all required meal and rest periods to its California overtime-eligible retail employees, by not providing all regular and/or overtime pay when due and/or when certain Class Members' employment with GameStop terminated, by not providing reimbursement for business expenses, and by willfully failing to provide accurate semi-monthly itemized wage statements.

6. Plaintiff is informed and believes and, based thereon, alleges that officers and directors of GameStop knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

7. Despite GameStop's knowledge of Plaintiff's and Class Members' entitlement to these benefits of employment, GameStop failed to provide same, for all applicable work periods, in violation of the California Labor Code, the California Business and Professions Code, California Industrial Welfare Commission Wage Order No. 7, and Title 8 of the California Code of Regulations. This action is brought to redress and end this ongoing pattern of unlawful conduct once and for all.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over the Representative Plaintiff's and Class Members' claims for unpaid wages, penalties, and other forms of relief sought herein under, *inter alia*, Industrial Welfare Commission Wage Order No. 7, Title 8 of the California Code of Regulations, California Labor Code §§ 201-204, inclusive, 226, 226.7, 406, 510, 512, 1174, 1194, 1198, and/or 2802; and California Code of Civil Procedure § 1021.5.

9. This Court also has jurisdiction over the Representative Plaintiff's and Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Defendant's unfair, unlawful, and/or fraudulent business practices under California Business & Professions Code §§ 17200, *et seq.*

10. Venue as to Defendant is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendant GameStop maintains locations within Santa Clara County, transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on Plaintiff and those persons similarly situated within the State of California and County of Santa Clara. Defendant operates facilities and has employed numerous Class Members in the County of Santa Clara.

**PLAINTIFF**

11. Plaintiff is a natural person and was, during the Class Period identified herein, employed by Defendant GameStop as an overtime-eligible employee at one or more of Defendant's California retail stores.

12. During the Class Period identified herein, Plaintiff was a person within the Class of persons further described and defined herein.

13. As used throughout this Complaint, the term "Class Members" and/or the "Plaintiff Class" refers to the named Plaintiff as well as each and every person eligible for membership in the class of persons further described and defined herein.

14. Plaintiff brings this action on behalf of himself and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

**DEFENDANTS**

15. At all times herein relevant, Defendant GameStop was a corporation, duly licensed, located and doing business in, but not limited to, the County of Santa Clara, in the State of California.

16. Plaintiff is informed and believes and, based thereon, alleges that Defendant GameStop has, since June 21, 2010 and through June 30, 2012, directly or indirectly employed and/or exercised control over the wages, hours, and working conditions of Plaintiff and Class

///

Members within various California counties, including, but not limited to, the County of Santa Clara.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of himself and as a class action on behalf of the following Plaintiff Class:

> *All persons who are and/or were employed as overtime-eligible employees by GameStop, in one or more of GameStop's California retail stores, between June 21, 2010 and June 30, 2012.*

18. Defendants and their officers and directors are excluded from the Plaintiff Class.

19. This action has been brought and may properly be maintained as a class action under FRCP Rule 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

    a. <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as the Plaintiff are informed and believe and, on that basis, allege that the total number of Class Members is, at least, in the hundreds, if not thousands, of individuals. Membership in the Class will be determined by and upon analysis of employee and payroll records, among other records maintained by GameStop.

    b. <u>Commonality</u>: Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

        1) Whether GameStop violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide duty-free meal and/or rest periods to its overtime-eligible retail employees;

        2) Whether GameStop violated applicable IWC Wage Order(s) and/or California Labor Code § 510 by failing to pay all compensation (including overtime) to its overtime-eligible retail employees who worked in excess of forty hours per week and/or eight hours per day;

        3) Whether GameStop violated California Labor Code § 1174 by failing to keep accurate records of Class Members' hours of work;

        4) Whether GameStop violated California Labor Code §§ 201-204 by failing to pay Plaintiff and/or Class Members all wages due and owed during the pendency of

-5-
Complaint for Damages, Injunctive Relief, and Restitution

SCOTT COLE & ASSOCIATES, APC
ATTORNEY'S AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

employment and/or at the time of the termination of employment with Defendant;

5) Whether GameStop violated California Labor Code § 226 by failing to provide Class Members with semimonthly itemized statements including total hours worked and all applicable hourly rates in effect during the pay period;

6) Whether GameStop violated California Labor Code §§ 406 and/or 2802 by failing to reimburse Class Members for necessary business expenses; and

7) Whether GameStop violated Business and Professions Code §§ 17200, *et seq.* by engaging in unfair, unlawful and/or fraudulent business practices.

c. Typicality: Plaintiff's claims are typical of the claims of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d. Adequacy of Representation: Plaintiff in this class action is an adequate representative of the Plaintiff Class in that Plaintiff's claims are typical of those of the Plaintiff Class and the Plaintiff has the same interest in the litigation of this case as the Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who is experienced in conducting litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. Plaintiff anticipates no management difficulties in this litigation.

e. Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Class to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual member of the Plaintiff Class, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

**COMMON FACTUAL ALLEGATIONS**

20. GameStop has, for years, knowingly failed to properly compensate the Plaintiff Class for all wages earned and due (including, but not necessarily limited to, overtime wages and/or compensation for missed meal and/or rest periods). Moreover, Defendant has failed to provide the Plaintiff Class with net ten minute rest periods for work shifts exceeding four hours or a major fraction thereof, and has failed to provide uninterrupted, unrestricted meal periods of

at least 30 minutes for work shifts exceeding five hours. Defendant has declined to pay these wages, even upon a Class Member's termination or resignation from employment, in blatant violation of California Labor Code §§ 201-204, inclusive. More than 30 days has passed since certain Class Members have left Defendant's employ.

21. Defendant also failed to provide Plaintiff and Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect during each pay period, in violation of California Labor Code § 226. In doing so, Defendant has not only failed to pay its workers the full amount of compensation due, it has, until now, effectively shielded itself from its employees' scrutiny for its unlawful conduct by concealing the magnitude (e.g., the full number of hours worked) and financial impact of its wrongdoing.

22. Moreover, Defendant's common policies and procedures caused the Plaintiff and Class Members to incur unreimbursed business expenses in the ordinary discharge of their duties.

23. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, as described above, including loss of earnings for uncompensated hours worked, missed meal periods, missed rest periods, and unreimbursed business expenses, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members are entitled to recover penalties/wages for failure to pay wages owed upon termination (pursuant to California Labor Code §§ 201-204), for failure to provide semimonthly itemized wage statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members are also entitled to recover attorneys' fees, litigation costs, and restitution of ill-gotten gains, pursuant to statute.

24. Representative Plaintiff complied with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter dated July 19, 2012, Representative Plaintiff gave written notice, by certified mail, to the Labor and Workforce Development Agency ("LWDA")

and Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support those violations.

### FIRST CLAIM FOR RELIEF
### FAILURE TO PROVIDE MEAL AND REST PERIODS
### (California Labor Code §§ 226.7 and 512)

25. Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

26. At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code §§ 226.7 and 512.

27. California Labor Code §226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

28. Moreover, California Labor Code § 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

29. By failing to consistently provide uninterrupted and unrestricted meal and rest periods to Class Members, Defendant violated California Labor Code §§ 226.7 and/or 512, and §§ 11 and 12 of IWC Wage Order No. 7.

30. Section 11 of Wage Order No. 7 provides:

> a. No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes....

      b.      An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes....

      c.      If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

31. Moreover, Section 12 of Wage Order No. 7 provides:

      a.      Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

      b.      If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

32. By failing to consistently (1) provide meal breaks within the first five hours of a work shift, (2) provide uninterrupted thirty-minute meal periods, and/or (3) authorize and permit ten-minute rest periods to Class Members, Defendant violated the California Labor Code and §§ 11 and 12 of IWC Wage Order No. 7.

33. Even where Defendant's records specifically evidence that no meal and/or rest periods were provided to Plaintiff and Class Members, GameStop refuses to provide these employees with one hour of compensation for these respective violations as mandated by California law. Plaintiff is informed and believes and, on that basis, alleges that Defendant has never paid the one hour of compensation to any Class Member.

34. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

///

///

## SECOND CLAIM FOR RELIEF
## UNLAWFUL FAILURE TO PAY WAGES
### (Violation of IWC Wage Order and Labor Code §§ 200-204, 510, 1194, and 1198)

35. Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

36. During the Class Period and continuing through June 30, 2012, the Plaintiff and Class Members performed work for GameStop, oftentimes in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of hours will be proven at trial.

37. During the Class Period, Defendant refused to compensate the Plaintiff and Class Members for all of the wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

38. At all relevant times, Defendant was aware of, and was under a duty to comply with, the wage (including overtime) provisions of the California Labor Code including, but not limited to, California Labor Code §§ 200-204, 510, 1194 and 1198.

39. California Labor Code § 510 provides, in pertinent part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee...

40. California Labor Code § 1194 provides, in pertinent part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

41. Finally, California Labor Code § 1198 provides, in pertinent part:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

///

42. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Plaintiff Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of GameStop, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Plaintiff Class are entitled to recover penalties (including "waiting time" penalties of up to thirty days' wages, pursuant to California Labor Code § 203) in an amount to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

### THIRD CLAIM FOR RELIEF
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### (California Labor Code §§ 226 and 1174)

43. Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

44. California Labor Code § 226(a) provides:

> Each employer shall semi-monthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

45. Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

46. Finally, California Labor Code § 1174(d) provides:

> Every person employing labor in this state shall ... Keep, at a central location in the state ... payroll records showing the hours worked daily

by and the wages paid to ... employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

47. Defendant has failed to provide timely, accurate itemized wage statements to the Plaintiff and Class Members in accordance with California Labor Code § 226. Plaintiff is informed and believes and, on that basis, alleges that none of the statements provided by Defendant accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions for any Class Member.

48. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Plaintiff Class are entitled to recover penalties, in an amount to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO PAY WAGES ON TERMINATION
### (California Labor Code § 203)

49. Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

50. California Labor Code §203 provides that:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

51. Numerous Class Members, including Representative Plaintiff, were employed by GameStop during the Class Period and were thereafter involuntarily terminated or voluntarily resigned from their positions, yet were not paid all wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by GameStop.

52. More than thirty days has elapsed since certain Class Members were involuntarily terminated or voluntarily resigned from Defendant's employ.

///

53. As a direct and proximate result of Defendant's willful conduct in failing to pay said Class Members for all hours worked, affected Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code §203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND**
**(California Labor Code §§ 406 and 2802)**

54. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

55. During the class period, GameStop required the Representative Plaintiff and members of the class to incur expenses related to the business operations of Defendant. These expenses include(d), without limitation, costs related to travel and/or supplies.

56. These expenditures were incurred in direct consequence of the discharge of the duties of Representative Plaintiff and members of the class, or of their obedience to the directions of the employer and have not yet been reimbursed by Defendant.

57. At all relevant times, GameStop was aware of and was under a duty to comply with various provisions of the California Labor Code, including, but not necessarily limited to §§ 406 and 2802(a).

58. California Labor Code § 406 provides:

> Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

59. California Labor Code § 2802(a) provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

///

60. By requiring the Representative Plaintiff and members of the class to incur uncompensated expenses in direct consequence of the discharge of their duties, Representative Plaintiff and members of the class were forced and/or brought to contribute to the capital and expenses of Defendant's business which is legally a cash bond and which must be refunded by Defendant to each Class Member.

61. California Labor Code § 2802 (b) and (c) provides for interest at the statutory post judgment rate of ten percent simple interest per annum from the date of the expenditure, plus attorneys' fees to collect reimbursement.

62. Therefore, Representative Plaintiff demands reimbursement for expenditures or losses incurred by himself and other members of the class in direct consequence of the discharge of his or their duties, or of his or their obedience to the directions of the employer, plus return of all cash bonds or other coerced investments in the business of Defendant, with interest, at the statutory rate, plus attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**
(California Business & Professions Code §§ 17200-17208)

63. Representative Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

64. Representative Plaintiff further brings this claim for relief seeking equitable and statutory relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

65. Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

///

66. Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Plaintiff and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

### SEVENTH CLAIM FOR RELIEF
### PRIVATE ATTORNEYS GENERAL ACT CLAIM
(California Labor Code §§ 2699)

66. Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

67. California Labor Code § 2699(a) states:

> Notwithstanding any other provision of the law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees...

68. Plaintiff is an "aggrieved employee," as defined by California Labor Code § 2699(c), because he was employed by Defendant and was one of many employees against whom violations of law were committed.

69. Plaintiff has met and/or will meet all of the requirements set forth in California Labor Code § 2699.3 necessary to maintain a civil action against Defendants for violations of California Labor Code §§ 200-204, inclusive, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and/or 2802.

70. Plaintiff brings this action on behalf of himself and all Class Members alleging violations of California Labor Code §§ 200-204, inclusive, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and/or 2802.

71. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

72. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Class Members are entitled to recover various penalties as provided by California Labor Code § 2699, in an amount to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

### RELIEF SOUGHT

**WHEREFORE**, the Representative Plaintiff, on behalf of himself and the proposed Plaintiff Class, prays for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

1. That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed Class and/or any other appropriate subclasses pursuant to FRCP Rule 23;

2. That the Court make an award to Plaintiff and Class Members of one hour of wages at each employee's regular rate of compensation for each workday a meal period was not provided;

3. That the Court make an award to Plaintiff and Class Members of one hour of wages at each employee's regular rate of compensation for each workday a rest period was not authorized and permitted;

4. That the Court declare, adjudge, and decree that Defendants violated the wage (including overtime) provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to the Plaintiff and Class Members;

5. That the Court declare, adjudge, and decree that Plaintiff and Class Members were, at all times relevant herein, entitled to overtime pay for work beyond eight hours in a day and/or forty hours in a week;

6. That the Court declare, adjudge, and decree that Plaintiff and Class Members were, at all times relevant herein, entitled to reimbursement for necessary business expenditures;

///
///

7. That the Court make an award to the Plaintiff and Class Members of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

8. That the Court order Defendant to pay restitution to Plaintiff and Class Members as a result of Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

9. That the Court further enjoin Defendant, ordering it to cease and desist from unlawful activities in violation of California Business and Professions Code §§ 17200, *et seq.*;

10. For all other Orders, findings and determinations identified and sought in this Complaint;

11. For interest on the amount of any and all economic losses, at the prevailing legal rate;

12. For reasonable attorneys' fees, pursuant to California Labor Code §§1194 and/or California Code of Civil Procedure § 1021.5; and,

13. For costs of suit and any and all other such relief as the Court deems just and proper.

Dated: July 19, 2012

SCOTT COLE & ASSOCIATES, APC

By: *Molly A. DeSario*
Molly A. DeSario, Esq.
Attorneys for Representative Plaintiff and the Plaintiff Class

## JURY DEMAND

Plaintiff and the Plaintiff Class hereby demand trial by jury of all issues triable as of right by jury.

Dated: July 19, 2012

                                          SCOTT COLE & ASSOCIATES, APC

                          By:   */s/ Molly A. DeSario*
                                   Molly A. DeSario, Esq.
                                   Attorneys for Representative Plaintiff and
                                   the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800