1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   THOMAS LUSBY,                                  No. C 11-05361 WHA

11            Plaintiff,

12      v.                                          **ORDER FINDING
                                                    CASES NOT RELATED**
13   GAMESTOP, INC., and GAMESTOP
     Corporation,
14

15            Defendants.
                                                /
16

17          Pursuant to an order by Magistrate Judge Howard Lloyd, the parties in this purported

18   class action have filed administrative motions to consider whether cases should be related under

19   Civil Local Rule 3-12.  The two cases at issue are:  (1) the earlier-filed *Lusby v. Gamestop Inc. et*

20   *al.*, Case No. CV 11-05361 WHA, and (2) the later-filed *Lusby v. Gamestop, Inc., et al.*, Case

21   No. CV 12-03783 HRL.  Both parties agree that the cases are not related.  For the reasons stated

22   below, this order also finds that the cases are not related under Local Rule 3-12.

23          Local Rule 3-12(a) requires both substantial similarity and a showing of "unduly

24   burdensome duplication of labor and expense or conflicting results if the cases are conducted

25   before different Judges."  While the former requirement is satisfied, the latter requirement is not.

26   The earlier action before the undersigned was voluntarily dismissed eight months ago; and

27   therefore, there is no risk that there will be conflicting decisions by different judges.  Notably,

28   the only substantive filings in the earlier-filed action were plaintiff's complaint and defendants'

**United States District Court**
For the Northern District of California

1  answer.  There was not a single hearing and the matter was voluntarily dismissed prior to the

2  initial case management conference.  Thus, there will not be a duplication of labor if the

3  later-filed action remains with Judge Lloyd.  In fact, relating the later-filed action would cause a

4  duplication of labor, as the undersigned would need to reconsider a pending motion for

5  preliminary approval of class settlement that Judge Lloyd has already reviewed and conducted a

6  hearing on.

7        Although the actions are not related under Local Rule 3-12, the undersigned would like

8  to note his suspicions as to why the parties voluntarily dismissed the earlier-filed action.  The

9  undersigned has a general practice of issuing a "notice regarding factors to be evaluated for any

10  proposed class settlement" for purported class actions and did so for the earlier-filed action (Dkt.

11  No. 10).  The notice *prohibits* discussion of class settlement before certification (*id.* at ¶10).  The

12  parties voluntarily dismissed the earlier-filed action shortly after receiving this notice.  After

13  dismissal, the parties participated in private mediation and subsequently reached a class

14  settlement (Gonell Decl. ¶3).  Now, the parties have a pending motion for preliminary approval

15  of that settlement before Judge Lloyd.  The undersigned wishes to inform Judge Lloyd that the

16  parties' conduct has eluded the undersigned's notice prohibiting settlement discussion prior to

17  certification.

18

19        **IT IS SO ORDERED.**

20

21  Dated:   October 9, 2012.

                         WILLIAM ALSUP

22                           UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

**United States District Court**
For the Northern District of California