*E-Filed: September 9, 2014*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| THOMAS LUSBY, SCOTT WILSEY, RUDAE BROWN, and DINA LE FEVRE, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GAMESTOP, INC., and GAMESTOP CORPORATION,<br><br>Defendants. | Case No. 12-CV-03783-HRL<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFFS' SECOND AMENDED MOTION FOR ORDER: (1) GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT AGREEMENT; (2) GRANTING CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS; (3) APPOINTING CLASS COUNSEL; (4) APPOINTING CLASS REPRESENTATIVES; (5) APPOINTING CLAIMS ADMINISTRATOR; AND (6) APPROVING CLASS NOTICE AND CLAIM FORM AND TIMELINE FOR ADMINISTRATION** |

1   The Court, having carefully considered the briefs and good cause appearing, hereby **GRANTS** Plaintiffs' Motion for an Order: (1) Granting Preliminary Approval of the Class Action Settlement Agreement; (2) Granting Conditional Certification of the Settlement Class; (3) Appointing Class Counsel; (4) Appointing Class Representatives; (5) Appointing Claims Administrator; and (6) Approving Notice and Claim Form and Timeline for Administration.

**IT IS HEREBY ORDERED THAT:**

1.   This Court preliminarily approves the Settlement, and finds that the Settlement is within the range of reasonableness as to both the Settlement Class and Defendant, and that it is the product of good faith, arm's length negotiations between the parties.

2.   The Court hereby conditionally certifies the following proposed Settlement Class and included Subclasses:

> *Class:* All persons who are and/or were employed as overtime-eligible employees by GameStop, in one or more of GameStop's California retail stores, between June 21, 2010 and June 30, 2012.
>
> *SM Subclass:* Class Members who held the position of Store Manager or SM, Store Manager in Training or SMIT, and Area Manager or AM during the Class Period.
>
> *ASM Subclass:* Class Members who held the position of Assistant Store Manager or ASM during the Class Period.
>
> *SGA Subclass:* Class Members who held the position of Senior Game Advisor or SGA during the Class Period.
>
> *GA Subclass:* Class Members who held the position of Game Advisor or GA and Lead Game Advisor or LGA during the Class Period.
>
> *Former SM Subclass:* Class Members whose employment with Game Stop terminated during the Class Period while holding the position of Store Manager or SM, Store Manager in Training or SMIT, or Area Manager or AM.
>
> *Former ASM Subclass:* Class Members whose employment with GameStop terminated during the Class Period while holding the position of Assistant Store Manager or ASM.

*Former SGA Subclass:* Class Members whose employment with GameStop terminated during the Class Period while holding the position of Senior Game Advisor or SGA.

*Former GA Subclass:* Class Members whose employment with GameStop terminated during the Class Period while holding the position of Game Advisor or GA and Lead Game Advisor or LGA.

3. The Court hereby conditionally certifies the proposed Settlement Class and conditionally finds that, solely for the purposes of approving this settlement and for no other purpose and with no other effect on this litigation, the proposed Settlement Class meets the requirements for certification under Federal Rules of Civil Procedure, Rules 23(a) and 23(b), including that: (a) the proposed is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are predominant questions of law or fact common to the proposed class, and there is a well defined community of interest among the members of the proposed class with respect to the subject matter of the litigation; (c) the claims of the Representative Plaintiffs are typical of the claims of the members of the proposed class; (d) Representative Plaintiffs and Class Counsel will fairly and adequately protect the interests of the members of the class; (e) a class action is superior to other available methods for an efficient method of adjudication of this controversy; and (f) Class Counsel is qualified to act as counsel for the Representative Plaintiffs in their individual and representative capacities.

4. The Court provisionally finds Scott Cole & Associates, APC to be sufficiently experienced and proficient in class action proceedings that they may act as Class Counsel.

5. The Court provisionally appoints Thomas Lusby, Scott Wilsey, Rudae Brown, and Dina Le Fevre as Class Representatives.

6. The Court provisionally appoints Gilardi & Co., LLC as Claims Administrator.

7. The Court approves the proposed Notice of Class Action Settlement ("Class Notice") in the form attached to this Order as **Exhibit "1,"** and the Claim Form in the form attached hereto as **Exhibit "2"** (collectively, the "Settlement Documents"). Notice shall be provided to Settlement Class Members as set forth in the Settlement.

1   8.   Within 10 days of this Preliminary Approval Order, Defendant will provide the Claims Administrator with a database including the names, contact information, and dates of employment in a covered position for members of the Settlement Class ("Class Data"). This data is within Defendant's employment records.

9.   An initial notice will be mailed within 21 business days from the date the Claims Administrator receives the Class Data. The initial notice will consist of the Settlement Documents as described in paragraph 7 of this Order.

10.   Representative Plaintiffs' papers in support of any application for an award of attorneys' fees, costs, and expenses to Class Counsel, and any application for Enhancement Awards to the Representative Plaintiffs, shall be filed with the Court on or before **November 19, 2014**.

11.   At least 28 days prior to the Final Approval Hearing, Plaintiffs will file a motion for final approval and judgment, as well as a declaration from the Claims Administrator showing its efforts to mail the Class Notice.

12.   The final approval hearing shall be held on **March 24, 2015 at 10:00 a.m.**, to determine whether the proposed Settlement is fair, adequate, reasonable, and should be approved.

13.   Should the proposed Settlement be approved, following the final approval hearing, the Court shall enter judgment in accordance with the Settlement that will adjudicate the rights of all Class Members who do not opt-out, including the named Plaintiffs.

14.   Unless otherwise modified by the Court, the dates for performance are as follows:

| Date/Triggering Event: | Event: |
| --- | --- |
| September 19, 2014<br>10 days after Preliminary Approval. | Deadline for Defendant to provide Claims Administrator with a database of the Class Members' contact information. |
| October 20, 2014<br>21 business days after database provided, and after obtaining the parties' approval of the formatted Settlement Documents and estimated settlement shares, or as soon as practically and economically feasible as determined by the Claims Administrator. | Deadline for Claims Administrator to mail Settlement Documents. |
| November 19, 2014<br>30 days after Settlement Documents mailed. | Last day for counsel to file Motion for Attorney's Fees, Costs, and Enhancement |

| | Awards (30 days before the deadline for objections) |
|---|---|
| December 19, 2014<br>60 days after Settlement Documents mailed. | Last day for Class Members to file claims, opt out, or object to the Settlement. |
| February 19, 2015 | Last day for counsel to file Motion for Final Approval. |

**IT IS SO ORDERED.**

Dated: September 9, 2014

By: _____
The Honorable Howard R. Lloyd
United States Magistrate Judge

# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LUSBY, SCOTT WILSEY, RUDAE BROWN, and DINA LE FEVRE, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>      vs.<br><br>GAMESTOP, INC., GAMESTOP CORP., and DOES 1-100, inclusive,<br><br>                Defendants. | Case No. 12-CV-03783-HRL<br><br>**NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT** |

**To:** All current and former GameStop employees who held the position of Store Manager, Store Manager in Training, Area Manager, Assistant Store Manager, Senior Game Advisor, Lead Game Advisor, and Game Advisor in California ("Covered Positions") at any time from June 21, 2010 through June 30, 2012:

**PLEASE READ THIS NOTICE CAREFULLY**
**IT MAY AFFECT YOUR LEGAL RIGHTS**
**YOU MAY BE ENTITLED TO MONEY FROM THIS SETTLEMENT**

## I.  INTRODUCTION

A proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") filed in the United States District Court, Northern District of California (the "Court"), has been reached by the parties and has been granted preliminary approval by the Court supervising the Action.

A final settlement hearing will be held on _____, 2014 at _____ p.m. to determine whether the Settlement should be granted final approval. Records of GameStop show that you were employed by GameStop in California, in one of the Covered Positions listed above, at some time during the period June 21, 2010 to June 30, 2012 ("Class Period") and therefore are a Class Member in this Action ("Class Member").  GameStop records indicate that you are a Class Member who may be entitled to money under the Settlement and the Settlement affects your legal rights, unless you "opt out" of the Settlement. The purpose of this Notice is to:  (1) describe the Action, (2) inform you of the terms of the Settlement, and (3) inform you of your rights and options in connection with the Settlement.

## II.  SUMMARY OF THE ACTION

Plaintiffs Thomas Lusby, Scott Wilsey, Rudae Brown, and Dina Le Fevre ("Plaintiffs") allege in their First Amended Complaint that, during the applicable limitations period, GameStop required class members to work off-the-clock, failed to provide meal and rest breaks, failed to provide accurate itemized wage statements, failed to pay wages timely upon Class members' terminations, and failed to reimburse for business expenses.  Plaintiffs allege that these violations resulted in underpayment of wages and unreimbursed expenses to Class Members.  Plaintiffs also seek civil penalties related to these claims.  Plaintiffs seek to maintain a class action for their claims on behalf of themselves and all overtime-eligible employees by GameStop, in one or more of GameStop's California retail stores, between June 21, 2010 and June 30, 2012.   This includes the job positions of Store Manager, Store

Manager in Training, Area Manager, Assistant Store Manager, Senior Game Advisor, Lead Game Advisor, and Game Advisor.

GameStop denies any liability or wrongdoing of any kind in connection with Plaintiff's claims, and contends that the company has had, during all relevant times, a policy prohibiting the off-the-clock work alleged in the Action, and that putative class members have not worked off-the-clock with GameStop's knowledge.  Accordingly, GameStop denies that any liability exists for alleged failure to compensate Class Members for off-the-clock work.  GameStop further asserts that class members are and were provided with meal and rest breaks as required by California law, that Class Members are and have been provided with itemized wage statements that comply with California law, that Class Members are and were properly compensated upon termination, and that Class Members were reimbursed for business expenses as required by law.  Consequently, GameStop does not believe that it is liable to Plaintiffs or Class Members, or that Plaintiffs or Class Members are entitled to recover any money.

The Court granted preliminary approval of the Settlement on [*date of preliminary approval*] on behalf of a settlement class defined as:

> All persons who are and/or were employed as overtime-eligible employees by GameStop, in one or more of GameStop's California retail stores, between June 21, 2010, and June 30, 2012.

At that time, the Court also preliminarily approved Plaintiffs Thomas Lusby, Scott Wilsey, Rudae Brown, and Dina Le Fevre to serve as Class Representatives, and the law firm Scott Cole & Associates, APC to serve as the lawyers for the Class Members ("Class Counsel").

The Court also scheduled a Final Approval Hearing on the Settlement at ____ p.m. on _____ _____, 2014, in Courtroom __, United States District Court, Northern District of California, located at _____ , _____ , at which time the Court will decide whether to grant final approval of the Settlement.

### III.  SUMMARY OF SETTLEMENT TERMS

Settlement Amount.  GameStop has agreed to pay an amount not to exceed $750,000 (the "Maximum Settlement Amount") to settle the claims in the Action.  This Maximum Settlement Amount includes, but is not limited to, all settlement payments to Class Members who make claims, Class Counsel's attorneys' fees and litigation expenses, all Claims Administration Expenses, all applicable taxes (including GameStop's share of said taxes), payments to the California Labor and Workforce Development Agency ("LWDA"), and Service Enhancements to the Class Representatives, as outlined below.

Claims Administration and Other Payments.  The Court has tentatively approved certain payments to be made from the Maximum Settlement Amount as follows, which will be subject to final Court approval:

- Claims Administration. Payment to the Claims Administrator, not to exceed $40,000, for the expense of notifying the Class Members of the Settlement, processing claims and opt-outs submitted by Class Members, and distributing settlement payments.

- <u>Attorneys' Fees and Expenses.</u>  Payment to Court-approved Class Counsel of reasonable attorney fees not to exceed $250,000 as reasonable compensation for the work Class Counsel performed in this Action, and will continue to perform through settlement finalization, together with reimbursement for litigation expenses actually incurred in connection with the Action.  Class Counsel has been prosecuting the Action on behalf of Plaintiffs and the Class on a contingency fee basis (that is, without being paid any money to date) and has been paying all litigation costs and expenses.

- <u>Service Enhancements to Plaintiffs Thomas Lusby, Scott Wilsey, Rudae Brown, and Dina Le Fevre.</u>  A Service Enhancement not to exceed $7,500 to Plaintiffs to compensate them for services on behalf of the Class in initiating and prosecuting the action.  This payment is in addition to whatever payments Plaintiffs are otherwise entitled to as Class Members.

- <u>Payment to LWDA.</u>  A payment of $3,750 will be made to the LWDA for LWDA's portion of the Settlement allocated to civil penalties under the Labor Code Private Attorneys General Act, Lab. Code §§ 2698 *et seq*.

<u>Calculation of Class Member Awards.</u> Proportionate settlement payments to Class Members will be calculated based on each Class Member's position(s) held during the Class Period, the average hourly rate of pay for those Covered Positions, the average scheduled hours worked for those Covered Positions, and relative percentage of eligible employee service time in a Covered Position during the Class Period based on GameStop's internal records.  In addition to these settlement payments, Class Members who ended their employment with GameStop from a Covered Position prior to August 9, 2011 will receive an additional settlement payment.

Only Class Members who have properly filed a completed Claim Form by the deadline, and who did not opt out of the Settlement as provided for below ("Qualified Claimants"), will be entitled to receive a payment pursuant to the Settlement.  If the conditions of the Settlement (as described in this Notice) are met, and if the Court grants final approval of the Settlement, then settlement checks will be mailed to Class Members who submit valid Claim Forms by the deadline.  If Settlement Payments are not claimed by Class Members, any unclaimed amounts will be re-allocated to Qualified Claimants on a proportionate basis as described in the above paragraph.

<u>Tax Matters.</u>  Settlement payments to Qualified Claimants shall be allocated as follows:  unpaid wages (50% of each settlement payment), unpaid expenses (5%), penalties (25% of each settlement payment) and interest (20% of each settlement payment).  Qualified Claimants must pay their own portion of payroll and income taxes on the 50% of each settlement payment that is unpaid wages, and such amounts will be withheld from settlement payments.  Qualified Claimants shall be exclusively liable for any and all tax liability, if any.  Qualified Claimants should consult with their tax advisors concerning the tax consequences of the payments they receive under the Settlement.

<u>Releases.</u>  Upon Final Approval of the Settlement, each Qualified Claimant and each member of the Class who has not opted out of the Settlement shall be deemed to have fully, finally, and forever released GameStop from any and all wage and hour claims that were or could have been alleged in the Complaint or any Amended Complaint that accrued through June 30, 2012.[1]  All Class Members who

---

[1] The release of claims includes any and all wage and hour claims that were or could have been alleged in the Complaint or any Amended Complaint, including, but not limited to, any and all wage and hour claims under California law that accrued or accrue prior to June 30, 2012, and that were or could have been asserted in the instant Action by Class Members who do not opt out of the settlement, including

submit a Claim Form shall also release any and all claims under the Fair Labor Standards Act ("FLSA") that accrued or accrue prior to the later of June 30, 2012 or the date the Class Member signed the Claim Form.  Class Members shall be deemed to have waived the provisions, rights, and benefits they may otherwise have had pursuant to Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his or her settlement with the debtor.

All Class Members will be subject to these Releases whether or not they return the Claim Form necessary to receive payment of their allocated settlement amount, unless they formally opt-out.

<u>Conditions of Settlement.</u>  This Settlement is conditioned upon the Court entering an order at or following the Settlement Hearing finally approving the Settlement.

## IV.  RIGHT TO CLAIM MONEY FROM THE SETTLEMENT

Class Members who want to receive money under the Settlement must completely fill out, sign and date the enclosed Claim Form and mail the completed form **postmarked by no later than _____ _____** to the Claims Administrator at the following address:



Lusby v. GameStop Claims Administration Center
Claims Administrator Name
Address

**If you do not return the enclosed Claim Form by the deadline, you will not be eligible to receive any portion of the settlement funds**.  You may send the Claim Form to the Claims Administrator via United States mail.  If you choose to do so, you may also elect to send the Claim Form to the Claims Administrator via certified mail, and take care to retain the receipt for proof of mailing.

The Claim Form lists the dates you worked in a Covered Position during the Class Period.  If you believe the data listed on the Claim Form is incorrect, you may submit a challenge in writing to the Claims Administrator indicating your belief as to the correct data.  You must also send the Claims Administrator any documents or other information that supports your challenge to the information on the Claim Form.  The Claims Administrator will use records of GameStop and any information you provide to resolve any dispute about your employment data. All such challenges must be postmarked by _____, 2014 or they will not be considered.

---

claims under any legal theory for failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, failure to provide meal and rest periods, failure to timely pay final wages, failure to reimburse for business expenses and/or failure to furnish accurate wage statements, any and all claims for recovery of compensation, overtime pay, minimum wage, premium pay, and/or penalties, penalties under PAGA, claims under California's Wage Orders, claims under the California Labor Code including but not limited to Sections 201, 202, 203, 204, 210, 212, 221, 222, 225.5, 223, 224, 226, 226.3, 226.7, 227, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802, and 2698 et seq., all waiting time penalties that were sought or could have been sought in the Complaint, claims under the Employee Retirement Income Security Act ("ERISA"), other penalties, related tort and punitive damages claims, and/or violations of the California Business & Professions Code.  All Class Members who submit a Claim Form shall also release any and all claims under the Fair Labor Standards Act ("FLSA"), including but not limited to claims under 29 U.S.C. § 206, 211(c) and 215(a), including liquidated damages, whether known or unknown, that accrued or accrue prior to the later of June 30, 2012 or the date the Class Member signed the Claim Form.

Class Members who do not submit a Claim Form, or who do not file Claim Forms by the deadline, **will not receive any money** from the Settlement.  **Class Members who do not submit a Claim Form by the deadline will still be bound by the Releases in the manner described above, unless they opt out in accordance with the procedure described below.**

## V.   RIGHT TO OPT OUT

If you do not wish to participate in the Settlement of your claims, you may exclude yourself from the Settlement or "opt out."  **If you opt out, you will receive no money from the Settlement, and you will not be bound by its terms or release any of your claims**.  To opt out, you must submit a signed, written request to the Claims Administrator for Exclusion from the Settlement post marked no later than _____, 2014.  Written requests for Exclusion from the Settlement that are post-marked after the Claims Period, or are unsigned by the Class Member, will be rejected, and Class Members submitting late Exclusions shall be bound by the Settlement and its releases but will not be considered Qualified Claimants and will not receive settlement payments.  If you submit both a Claim Form and a Request for Exclusion no later than the date above, the Claim Form will control and you will be considered a Qualified Claimant, regardless of the date on either document or the date the documents are postmarked.

## VI.   RIGHT TO OBJECT

If you are a Class Member who has not opted out and believe that the Settlement should not be finally approved by the Court for any reason, you may object to the proposed Settlement.  Objections must be in writing, state the basis for any objection, and must be filed with the Court on or before _____, 2014.  At the same time, copies of objections must also be mailed or delivered to Class Counsel and counsel for GameStop at the following addresses:

| Class Counsel: | Counsel for GameStop: |
|---|---|
| Scott Edward Cole, Esq. | Carrie A. Gonell |
| Molly A. DeSario, Esq. | MORGAN, LEWIS & BOCKIUS LLP |
| SCOTT COLE & ASSOCIATES, APC | 5 Park Plaza, Suite 1750 |
| 1970 Broadway, Ninth Floor | Irvine, CA 92614 |
| Oakland, California 94612 | (949) 399-7000 |
| (510) 891-9800 | (949) 399-7001 FAX |
| (510) 891-7030 FAX | |

If you wish to object and have the objection considered by the Court, you may also appear at the Final Approval Hearing scheduled for _____, 2014 at _____.m., in Courtroom __, United States District Court, Northern District of California, located at _____, _____.  You have the right to appear either in person or through your own attorney at this hearing.  Objections not previously filed in writing in a timely manner as described above will not be considered by the Court.  Any attorney who intends to represent an individual objecting to the Settlement must file a notice of appearance with the Court and serve counsel for all parties, above, on or before _____, 2014.  All objections or other correspondence must state the name and number of the case, which is *Lusby v. GameStop et al.*, United States District Court, Northern District of California, Case No. 5:12-CV-03783-HRL.  If you object to the Settlement, you will remain a member of the Class, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Class Members who do not object. Any Class Member who does not object in the manner provided above

shall have waived any objection to the Settlement, and will not be able to appeal.

## VII.  HEARING ON THE SETTLEMENT

The Final Approval Hearing on the adequacy, reasonableness and fairness of the Settlement will be held at _____ _.m. on _____, 2014 in Courtroom __, United States District Court, Northern District of California, located at _____, _____.  The Hearing may be continued without further notice.  **Unless you file an objection, you are not required to attend the Final Approval Hearing, although any Class Member is welcome to attend the hearing.**

## VIII.  ADDITIONAL INFORMATION

This Notice is only a summary of the Action and the Settlement. Class Members should contact the Claims Administrator with any concerns or questions regarding the Settlement.  You may also refer to the pleadings, the Stipulation of Settlement, and other papers filed in the Action by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Office of the Clerk for the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO <u>NOT</u> CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH QUESTIONS.**

# EXHIBIT 2

*Lusby v. GameStop*
United States District Court, Northern District of California, Case No. 5:12-CV-03783-HRL

# CLAIM FORM

| Claim #:<br>Name<br>c/o<br>Address<br>City, State, Zip<br>(     )<br>Area Code    Home Telephone Number | Name/Address Changes, if any |
|---|---|

YOUR MINIMUM SHARE OF THE SETTLEMENT BEFORE TAXES AND OTHER WITHHOLDINGS, IF APPLICABLE, IS $ _____.  Your actual share may vary depending on the number of claim forms submitted.

*In order to receive your portion of the settlement funds you must complete all requested information, sign, date and return this form, postmarked no later than _____, 2014 addressed to:*

*Lusby v. GameStop* Claims Administration Center
<<Claims Administrator>>
<<Address>>
<<Phone>>

**IF YOU DO NOT RETURN THIS FORM POSTMARKED BY _____, 2014, YOU WILL NOT BE ELIGIBLE TO RECEIVE ANY PORTION OF THE SETTLEMENT FUNDS.**

GameStop's records show that, within the Class Period, you worked in a Covered Position in California during the following time period(s):  <<Dates>>

If you believe the data listed above is incorrect, you may submit a challenge in writing to the Claims Administrator, at the address listed above.  You must also send the Claims Administrator any documents or other information that supports your challenge.  The Claims Administrator will use records of GameStop and any information you provide to resolve any dispute about your employment data.  All such challenges must be postmarked no later than _____, 2014.  Please keep in mind that only employees who were employed by GameStop in a Covered Position in California at some time during the time period June 21, 2010 to June 30, 2012 are eligible to participate in the Settlement.

It is your responsibility to keep a current address on file with the Claims Administrator.  Please make sure to notify the Claims Administrator of any change of address.

## CERTIFICATION OF ELIGIBILITY

**I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I worked for GameStop as a Store Manager, Store Manager in Training, Store Manager Designate, Assistant Store Manager, Senior Game Advisor, Lead Game Advisor, or Game Advisor during the time period June 21, 2010 to June 30, 2012.**

Dated: _____, 2014         _____
                                                                    Signature